Henry, Bruce R., J.
Before the Court is the petition of Atty. Brian J. Lenfest (Lenfest) to determine and enforce a lien in his favor against the attorneys fees collected after a settlement of the underlying action. The underlying action has been settled and the attorneys fees called for by the terms of the contingent fee agreement between the plaintiff and the firm which represented her have been set aside and are now in an escrow account. This matter, therefore, is not a claim between an attorney and his former client. What is in dispute at this point is who should receive the attorneys fees which have been set aside. Lenfest seeks to establish a lien pursuant to G.L.c. 221, §50 and to then have this Court enforce that lien. For the reasons which follow, the petition is DENIED.

Facts

Viewing the facts in the light most favorable to Lenfest, the following summary fairly reflects the factual bases of this dispute.
Annemarie Lebrun (Lebrun) sought legal services after her husband died from injuries sustained in an automobile accident on July 2, 2003. Atty. Nunotte Zama, who is now Lenfest’s wife, apparently was the first attorney contacted by Lebrun. She referred the matter to Corcoran, Fitzgerald & Hennessy, LLC (CFH). A Contingent Fee Agreement (Agreement) between Lebrun and CFH was signed on or about July 23, 2003. Lenfest was associated with CFH; however, the precise arrangement is not clear at this time. Lenfest signed the Agreement for CFH. The Agreement indicates that Lebrun is retaining CFH and not any particular lawyer at that firm.
Thereafter, this lawsuit was brought by the firm and Lenfest signed several pleadings and other papers which were filed in this Court. I have reviewed the pleadings and papers filed in this matter to date and take judicial notice of the names and signatures which appear on those materials. The cover letters for many of the filings from CFH are on CFH letterhead, which lists Lenfest, along with several other names. Other attorneys from CFH signed pleadings and letters related to the case. Atty. Timothy M. Corcoran (Corcoran) is one of those signatories and his name appears underneath the signature line on most, if not all, of the pleadings and papers filed in this matter, usually with the name of another attorney below his. The firm’s name also appears underneath the attorneys’ names on the pleadings and papers filed in Court.
On or about January 30, 2006, another Contingent Fee Agreement was signed by Lebrun retaining Corco-ran, Fitzgerald & Hennessy and Timothy M. Corcoran to represent her with regard to her claims related to the accident of July 2, 2003. Both of the contingent fee agreements called for a contingent legal fee of 33 1/3% of the gross recovery in the case. According to his petition, Lenfest sent a notice to the Empire Fire and Marine Insurance Company on November 28, 2005, notifying it of his purported lien. Ultimately, the matter was settled and a settlement check was issued which included Lenfest’s name as a payee. Atty. Zama received a referral fee. According to Lenfest, there was an agreement between him and Corcoran to divide equally the net fee; however, Corcoran refuses to acknowledge that Lenfest is entitled to any fee.

Discussion

It bears repeating that the dispute over the fee is not between a client and the lawyer(s) representing her. It is a dispute between attorneys over the division of the fees earned. Lenfest asserts that there was an agreement between him and Corcoran that the net fee would be equally divided and he seeks to establish and enforce a lien to that effect. “Attorneys’ liens are devices, first created by the common law, which help attorneys deal with the oft-encountered reluctance of certain clients to pay for legal fees at the conclusion of amatter.” Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 248 (1993). Here, there is no such reluctance by the client. The bargained for fees have been paid by the client. The invocation of the lien statute then is not warranted in the current dispute. This is a contract dispute between an attorney and the law firm with which he had some association while the firm represented the client. The attorneys’ lien statute is not applicable to this dispute.
Even if it were applicable, Lenfest is not entitled to the lien he now seeks to establish and enforce. While it is clear that Lenfest has “appeared” in the underlying lawsuit, his mere appearance does not support the establishment of a lien absent a right to recover fees directly from the client. “[A]n attorney must establish *716 a substantive contractual or quantum meruit basis to recover fees from the client as a predicate to filing a lien.” Id. at 249. Whatever claim there could be for attorneys fees in this matter is governed by the Agreement. The client retained CFH in July 2003, not Lenfest or Corcoran. While Lenfest did sign the Agreement, it is signed for CFH and not on his own behalf. Lenfest, therefore, would not have had a right of recovery against the client because his claim arose under the Agreement. See id. Lenfest asserts that he had an agreement, presumably oral, with Corcoran concerning the apportionment of the net fees generated by the underlying case. That agreement precludes Lenfest from asserting a right in quantum meruit to be compensated for his services. Id. at 250. In the Boswell. case, the Supreme Judicial Court held that “[w]hile [an associate attorney] may attempt in a separate action to enforce his oral agreement with [the firm] [he] may not establish a lien . . . without an independent substantive right.” Id. at 250-51. Such is Lenfest’s situation here. He may seek in a separate action to enforce the terms of whatever agreement he had with CFH or Corcoran, but he is not entitled to the relief he seeks in the petition currently before the Court.

ORDER

For the foregoing reasons, Lenfest’s Petition To Determine And Enforce Attorney’s Lien For Fee is DENIED.